UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIKA MABES, <br> BRIAN MABES, <br><br> Plaintiffs, <br><br> v. <br><br> ANGELA MCFEELEY, <br> NATASHA DAVIS, <br> COURTNEY OAKES, <br> SAMANTHA KING, <br> HANNAH LYMAN, <br> KRISTIN MILLER, <br> COURTNEY CROWE, <br> JACLYN ALLEMON, <br> SHANNON THOMPSON, <br><br> Defendants. | No. 1:21-cv-02062-JRS-MKK |

**Order**

Plaintiffs Erika Mabes and Brian Mabes, on behalf of themselves and their minor children, ("Plaintiffs" or "the Mabes") have renewed their Motion for Leave to Take Additional Depositions, Dkt. [160]. For the reasons that follow, the renewed motion is **GRANTED IN PART**.

**I.   Background**

Plaintiffs have sued eight employees of the Indiana Department of Child Services (the "DCS Defendants") and a doctor from Riley Hospital for Children, Dr. Shannon Thompson ("Defendant Thompson"), for an alleged deprivation of their Fourth and Fourteenth Amendment rights by taking custody of the Mabes' children without prior court order. (Dkt. 1).

1

On May 4, 2023, Plaintiffs filed the Motion for Leave to Take Additional Depositions now before the Court. Dkt. [160]. In their Motion, Plaintiffs request leave to exceed Rule 30's presumptive limit of 10 depositions allotted to each side. To date, they have conducted or scheduled 9 of their 10 depositions. (Dkt. 160 at 1-2). Plaintiffs now seek to depose 4 additional witnesses – all of whom are of radiologists at Riley Children's Hospital, placing them 3 above the presumptive limit of 10. (*Id.* at 2). Plaintiffs argue that these additional depositions are necessary for them to obtain relevant information about their case. (*Id.* at 2-4).

Defendant Thompson opposed the Motion, arguing that Plaintiffs failed to provide adequate factual support for their request, that the request seeks cumulative information that is readily available from other sources, and that the request is disproportional to the needs of the case. (Dkt. 164). Defendant Thompson represents much of the information Plaintiffs seek through the proposed deponents may be better pursued at the deposition of Dr. Thompson herself. (*Id.* at 2).

The DCS Defendants did not file a response in opposition.

## II. Legal Standard

If a party wishes to take more than ten depositions, the "party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(i). That is, Rule 30(a)(2)(A)(i) directs that the Court *must* grant leave to take additional depositions to the extent it determines that:

> (i) the discovery sought through the additional depositions (a) is not "unreasonably cumulative or duplicative;" or (b) cannot "be obtained

2

from some other source that is more convenient, less burdensome, or less expensive;"

(ii) the party seeking leave to conduct additional depositions did not "ha[ve] ample opportunity to obtain the information" through other means of discovery in this action; and

(iii) the proposed deponents' testimony falls within "the scope permitted by Rule 26(b)(1)," *i.e.*, it is "relevant to any party's claim or defense" and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1); Fed R. Civ. P. 26(b)(2)(C)(i)-(iii); Fed R. Civ. P. 30(a)(2)(A)(i).

The Court considers the "totality of the circumstances" in deciding, like most all other discovery matters, whether to authorize additional depositions. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). The Court exercises broad discretion in resolving matters relating to discovery. *Id.*

### III. Discussion

With the above principles in mind, the Court will address each of Plaintiffs' requests in turn.[1] Each of the four proposed deponents at issue are radiologists.

### A. Dr. Marine

The Court is not convinced that leave to exceed the presumptive limit on depositions to depose Dr. Marine is consistent with Rule 26(b)(1) and (2). Plaintiffs do not allege that Dr. Marine treated any of Plaintiffs' children or reviewed the children's medical records. Rather, Plaintiffs justify this additional deposition on the ground that "Dr. Thompson claims to have consulted with Dr. Marine about [one of the alleged injuries to their child] and indicated to DCS that Dr. Marine supports her opinion." (Dkt. 160 at 3). The Court is more persuaded by Dr. Thompson's argument that this request to depose Dr. Marine is unreasonably cumulative and that the information sought – *i.e.*, Dr. Marine's input to Dr. Thompson, and Dr. Thompson's input to DCS – can be (or could have been) obtained from other more convenient and less burdensome means, namely, from the depositions of the DCS Defendants and Dr. Thompson herself. The Court therefore **DENIES** Plaintiffs' request to exceed the presumptive deposition limit by deposing Dr. Marine.

---

[1] There does not appear to be any argument that Plaintiffs squandered their first nine depositions. To date, Plaintiffs have deposed (or noticed depositions of) eight defendants and the Hendricks County Sheriff's Department investigator. (Dkt. 160 at 1-2).

B. <u>Dr. Wu</u>

The same conclusion does not hold true for Dr. Wu, who "authored notes regarding a cystic lesion in [the child's] brain." (Dkt. 160 at 3). Plaintiffs are already in possession of these medical records, which are undoubtedly relevant to the case. It is on this ground that Dr. Thompson argues that Plaintiffs' request is unreasonable. But Plaintiffs assert that the deposition of Dr. Wu is necessary to better understand those records. For example, Plaintiffs state that Dr. Wu's notes reference a "'constellation of findings' that are 'highly concerning for nonaccidental trauma,'" but do not describe what that constellation entails. (*Id.* at 3-4). Contrary to Dr. Thompson's argument, "hav[ing] the medical records reflecting Dr. Wu's impressions," (Dkt. 164 at 8), means very little if Dr. Wu prepared the records using nomenclature understood by him but not obvious to others. Under these circumstances and given "the importance of the issues at stake in [this] action," the Court finds that Plaintiffs have offered sufficient grounds for their request to exceed the limit for Dr. Wu. The Court therefore **GRANTS** Plaintiffs' request to exceed the presumptive deposition limit by deposing Dr. Wu.

C. <u>Dr. Supakul and Dr. Brown</u>

Plaintiffs' request to depose Dr. Supakul and Dr. Brown is also well-taken. Dr. Supakul read a head CT scan of one of Plaintiffs' children and expressed opinions regarding the child's injuries. (Dkt. 160 at 2-3). Similarly, Dr. Brown "at Dr. Thompson's request, re-read [one of the children's] abdominal x-ray . . . and

5

allegedly discovered two rib fractures." (*Id.* at 3). Plaintiffs assert that these opinions were considered, and relied on, by Defendants. (*Id.*).

Plaintiffs' first justification for deposing Dr. Supakul falls flat. Exceeding the presumptive limit through a deposition seeking to determine "what representations were made by Dr. Thompson on which [Dr. Supakul's] new opinions [we]re based," (Dkt. 160 at 3), is not consistent with Rule 26(b)(2)(C). This information can be obtained through the deposition of Dr. Thompson. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Plaintiffs' justification that additional depositions are needed to seek discovery on what the proposed deponents knew is better taken. Plaintiffs assert that they need to determine "whether Dr. Supakul has an opinion as to whether th[e] alleged traumatic injury may have been accidental or inflicted." (Dkt. 160 at 3). And, similarly, Plaintiffs desire to know "whether Dr. Brown viewed [] subsequent imaging" and how such imaging would accord, or not, with the opinion he expressed to Dr. Thompson. (*Id.*). The relevance of such information is not disputed, and absent more detailed medical records, the only apparent means to obtain information about what these proposed deponents knew is by asking them.

Defendant Thompson argues that Plaintiffs have failed to explain how the requested depositions will "advance" their case, (*see, e.g.*, Dkt. 164 at 9), but that is not the standard. The "court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(i). The requested depositions must only satisfy the discovery principles set forth above, regardless of whether the depositions ultimately hurt or help Plaintiffs' case.

6

Considering the totality of the circumstances, the Court finds that Plaintiffs have shown that the request for additional depositions of Dr. Supakul and Dr. Brown is reasonable and is "consistent with Rule 26(b)(1) and (2)." The Court therefore **GRANTS** Plaintiffs' request to exceed the presumptive deposition limit by deposing Dr. Supakul and Dr. Brown.

As a final note, the Court recognizes that the additional depositions permitted by this Order will "impose [some] burden" on Defendant Thompson (and potentially the DCS Defendants too). (*See* Dkt. 164 at 6). Rule 30(a)(2)(A)(i) requires that the Court "must grant" leave "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(i). Of course, "participating in depositions" can be a valid "burden" for a party to raise in opposition of an attempt to seek discovery from nonparties. *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016). But that alone is not a sufficient basis to deny Plaintiffs' request, particularly given the importance of the issues at stake in the case and the roles played by the proposed deponents.

## IV. Conclusion

For the reasons stated above and recognizing that Plaintiffs have one of their ten depositions remaining, Plaintiffs' Motion is **GRANTED IN PART**. Plaintiffs are granted leave to exceed their presumptive deposition limit by two. Those two additional depositions may be of Dr. Wu, Dr. Supakul, or Dr. Brown. This Order does <u>not</u> grant any party unlimited leave to take more depositions over the presumptive limit. Should any party seek to take additional depositions and the

7

parties are unable to stipulate to same, that party must file a properly supported motion for leave setting forth information that must be considered according to the principles set forth above. The leave granted by this Order does <u>not</u> establish cause to extend any of the discovery deadlines. (*See* Dkt. 143).

    So ORDERED.

Date: 6/9/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email